ÆTNA CASUALTY & SURETY CO. et al. v.
UNITED STATES FIDELITY & GUAR-
ANTY CO. et al.

(Circuit Court of Appeals, Fifth Circuit.
January 19, 1926.)

No. 4524.

1. Courts ⚖⇒269—Suit to cancel surety bonds
alleged to have been fraudulently obtained
held property dismissed (Jud. Code, §§ 51, 57
[Comp. St. §§ 1033, 1039]).

Where sureties on two bonds given to secure
bank deposits of road district funds jointly sued
board of bond trustees of district, receiver of
bank, and a former surety to cancel the bonds
which it was alleged defendant surety com-
pany had procured bank to get in order to it-
self escape liability, knowing bank to be in-
solvent, in district wherein neither plaintiffs
nor defendant surety was a resident, *held* suit
was not a local action under Jud. Code, § 57
(Comp. St. § 1039), and, under section 51 (sec-
tion 1033), was properly dismissed against de-
fendant surety.

2. Cancellation of instruments ⚖⇒13—Sureties
on bonds alleged to have been fraudulently
procured held to have adequate remedy by
defense to suit.

Sureties on bonds given to secure bank de-
posits of road district funds which it was al-
leged had been fraudulently procured by bank
at instance of former surety, which, knowing
bank was insolvent, was seeking to escape lia-
bility, *held* to have complete defense to any
suit by bond trustees of district, and not to
need equity aid by way of cancellation.

Appeal from the District Court of the
United States for the Northern District of
Florida; William B. Sheppard, Judge.

Suit by the Ætna Casualty & Surety
Company and another against the United
States Fidelity & Guaranty Company and
others. From a decree dismissing the bill,
plaintiffs appeal. Affirmed.

W. T. Stockton, Herman Ulmer, Rich-
ard P. Marks, Sam R. Marks, and Francis
M. Holt, all of Jacksonville, Fla., for ap-
pellants.

Wm. Wade Hampton, Fred J. Hampton,
and Edwin B. Hampton, all of Gainesville,
Fla., and F. P. Fleming, of Jacksonville,
Fla. (C. H. Lichliter, of Jacksonville, Fla.,
on the brief), for appellees.

Before WALKER, BRYAN, and FOS-
TER, Circuit Judges.

BRYAN, Circuit Judge. Appellants
joined in a single bill of complaint to cancel
two bonds; one for $20,000 upon which
the Ætna was surety, and the other for
$30,000 upon which the Standard was sure-
ty. Each of the bonds recites that the prin-
cipal, the Florida Bank & Trust Company,
of Gainesville, Fla., on August 7, 1923,
had been designated by the board of bond
trustees of a special road and bridge dis-
trict as depository of the funds of that dis-
trict, and is conditioned that the bank should
safely keep, account for, and pay over to
the board upon demand "all money that may
come into its hands by virtue of its acting
as said depository," etc.

Cancellation of the bonds was sought on
the ground that they were procured as a
result of fraud committed by the United
States Fidelity & Guaranty Company in an
effort to relieve itself of liability as surety
upon a similar bond for $85,000.

The parties defendant to the bill were
the United States Fidelity & Guaranty Com-
pany, the receivers of the bank, and the
board of trustees of the special road and
bridge district. Diversity of citizenship was
averred to exist between appellants on the
one hand and the Fidelity & Guaranty Com-
pany on the other; but none of them was a
citizen of Florida where the suit was brought,
and, because of this, the Fidelity & Guaranty
Company claimed its privilege under sec-
tion 51 of the Judicial Code (Comp. St. §
1033) to be sued in the district of the resi-
dence of either itself or the plaintiffs, and
its motion to be dismissed from the suit was
granted. Subsequently the motion of the
board of trustees to dismiss the bill of com-
plaint was also granted.

The averments of the bill relied on to
sustain the charge of fraud are, in substance,
as follows: On September 4, 1923, the board
of trustees had on deposit in the bank the
sum of $161,545.10, which was protected by
bonds aggregating $160,500. The Fidelity
& Guaranty Company was surety on one of
these bonds for $85,000, which did not expire
until December of 1923, but on September
17th it ascertained upon an examination of
assets and liabilities that the bank was in-
solvent. It thereupon demanded of the
bank that the latter secure a release of its
bond, and procure bonds from other surety
companies that did not have any knowledge
of the bank's financial condition. In compli-
ance with this demand the bank applied to
appellants, and procured from them the
bonds sought to be canceled, which the
board of trustees, on October 2d, accepted
and approved, and by resolution released
the Fidelity & Guaranty Company from
future liability on its $85,000 bond, but held
that bond as security for any liability which
already had accrued, and accepted from
the bank and the Fidelity & Guaranty Com-
pany new bonds aggregating $35,000. In
short, the charge of fraud is that the Fidelity

& Guaranty Company secured a release of liability to the extent of $50,000 at the expense of appellants. The bill further avers that the bank failed on October 8th, and that its indebtedness to the board of trustees at the time of its failure amounted to $146,000, but that the board of trustees had deposited only $41.56 after the acceptance of the bonds upon which appellants were sureties.

[1,2] It is first insisted that it was error to grant the motion of the Fidelity & Guaranty Company to dismiss, on the ground that the purpose of the suit was to enforce a claim to personal property, that is to say, to the $85,000 bond, and was maintainable as a local action under section 57 of the Judicial Code (Comp. St. § 1039). But we are of opinion that the motion to dismiss should have been granted. Appellants have no claim to the bond, which is but evidence of a liability assumed in favor of the board of trustees. So far as appears, no misrepresentations were made to appellants, but they were left free to make their own investigation and determine for themselves whether they would assume the risk involved in becoming sureties for the bank. It is not charged that the board of trustees was guilty of any fraud, nor that its resolution undertaking to release the Fidelity & Guaranty Company from future liability has resulted in any substantial injury to appellants. The limit of liability of both appellants, according to the averments of the bill, is only $41.56, a sum much too small to give a federal district court jurisdiction of the subject-matter of the suit. It further affirmatively appears from the bill that appellants do not need the aid of a court of equity, and that they have a complete defense to any suit the board of trustees might bring against them on account of deposits in the bank made prior to the approval and acceptance of the bonds upon which they are sureties.

The decree is affirmed.